**WILSON SONSINI**

Wilson Sonsini Goodrich & Rosati
Professional Corporation

1301 Avenue of the Americas
40th Floor
New York, New York 10019-6022

o: 212.999.5800
f: 212.999.5899

July 12, 2021

**VIA CM/ECF**

The Honorable Edgardo Ramos
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

   Re: **Request for Pre-Motion Conference on Motion to Dismiss**
      *Business Casual Holdings, LLC v. YouTube, LLC et al.*, No. 1:21-cv-03610-ER

Dear Judge Ramos:

  We represent Defendants YouTube, Google, and Alphabet ("YouTube") in the above-captioned action. Pursuant to Paragraph 2.A.ii of Your Honor's Individual Practices, we write to request a pre-motion conference so that Defendants may move to dismiss Plaintiff Business Casual's Complaint for failure to state a claim.

  **Background**: Plaintiff maintains a YouTube channel on which it publishes a series of documentaries regarding key figures in the industrial revolution, including a "Rockefeller Video" published in June 2018 and a "J.P. Morgan Video" published in June 2020. Dkt. 1, Compl. ¶¶ 22-23. Plaintiff alleges that another YouTube user, TV-Novosti (or "TVN"), published three videos on its "RT Arabic" channel that displayed short snippets of some of the same historical, public-domain images that appear in the Rockefeller and J.P. Morgan Videos. *Id.* ¶¶ 27, 32-33.

  TVN is a YouTube content manager that operates dozens of channels on the platform, including "RT Arabic." According to TVN's account page, it has 4.3 million subscribers, over 10 billion views, and thousands of other videos that are not alleged to infringe Plaintiff's copyrights. Only a few seconds-worth from three of TVN's thousands of videos are in dispute, and those momentary segments consist entirely of public-domain images. *See* Compl. Exs. E, F. Although Plaintiff obtained copyright registrations for the Rockefeller and J.P. Morgan Videos shortly before filing suit (though after the alleged infringements occurred), it disclaimed ownership over all "preexisting photograph(s)" in those videos. *Id.* Exs. B, C. Plaintiff's only claimed originality consists of certain "video editing methods" that it used to display the images with a "3-D depth of field[.]" *Id.* Ex. E at 19; Ex. F at 9. Thus, its claims of ownership over the content at issue and infringement by TVN are dubious and *de minimis* at best.

WILSON
SONSINI

The Honorable Edgardo Ramos
July 12, 2021
Page 2

In any event, and out of an abundance of caution, ***YouTube removed all three of the allegedly-infringing TVN videos from its platform within days of being notified of their existence***. And, pursuant to YouTube's policy, the videos remain down. This is undisputed and conceded. Compl. ¶¶ 28, 35, 38, 49; *see also id.* Ex. I. There is no allegation (nor could there be) that YouTube did anything to contribute to TVN's allegedly infringing activity once YouTube knew of it, or that YouTube failed to exercise a right and ability to remove that allegedly infringing content from its platform.

Plaintiff's real gripe is that YouTube did not terminate TVN's *entire account*, which includes dozens of separate channels (in addition to RT Arabic) and thousands of videos that are *not* accused of infringing any copyright. But there is good reason for that. TVN denied Plaintiff's accusations and submitted counter-notifications disputing them, under penalty of perjury, pursuant to Section 512(g)(3) of the DMCA. Compl. ¶¶ 37, 40. Plaintiff responded by filing a related action against TVN to vindicate its claims, which is before Judge John G. Koeltl. *Id.* ¶ 39; *see also Business Casual Holdings, LLC v. TV-Novosti*, No. 1:21-cv-02007-JGK. TVN is now moving to dismiss Plaintiff's claims. *Id.* Dkt. 18 (letter previewing arguments TVN intends to raise in a motion to dismiss). YouTube's DMCA "repeat infringer" policy expressly states that an account-holder will not be penalized over disputed claims of infringement until that dispute is resolved. Compl. ¶ 46 & Ex. A at 3, 7. YouTube thus informed Plaintiff that "[i]f a court resolves the copyright claims you've brought against [RT Arabic] in your favor," Plaintiff can submit that judgment to YouTube for further consideration under the repeat infringer policy. *Id.* ¶ 73; *see also id.* Ex. S.

That isn't enough for Plaintiff. It sees itself as crusading against "the Russian government," which apparently funds TVN (Compl. Ex. R at 6), and it wants all TVN content abolished from YouTube now. YouTube is under no such legal obligation. That demand also ignores that TVN hotly contests Plaintiff's infringement claims, and that Plaintiff may struggle to prove any valid copyright in the material at issue or any infringement by TVN. Based on the facts pleaded in the Complaint, YouTube is not liable, as a matter of law, for TVN's alleged infringement, even without regard to the DMCA safe harbors.

**Grounds for Motion to Dismiss**: Plaintiff's Complaint is centered on a false premise – that YouTube is "required" by the DMCA's "repeat infringer" provisions to purge all TVN content from its service, even if that content isn't infringing. Compl. ¶¶ 1, 18; *see also id.* at Prayer for Relief ¶ 1. This grossly misreads the DMCA. The requirement to maintain a "repeat infringer" policy under 17 U.S.C. § 512(i)(1)(A) is a condition for invoking the safe harbor defense; it is not an affirmative legal duty whose breach gives rise to an independent claim of "infringement." And, of course, a court cannot order a private platform to remove lawful, non-infringing content. Moreover, the DMCA requires that platforms need only "reasonably implement[]" the policy and terminate accounts "in appropriate circumstances" to keep the safe harbor. *Id.* Nothing in the DMCA requires YouTube to terminate a user's account simply

WILSON SONSINI

The Honorable Edgardo Ramos
July 12, 2021
Page 3

because someone *accuses* it of infringement, especially where (as here) that claim is timely disputed under the counter-notification procedure established in the DMCA itself.

In any event, Defendants have no need to invoke the safe harbor because Plaintiff cannot state a claim of infringement against them to begin with. Plaintiff's direct infringement claims (Counts 1-3) fail because there is no suggestion that YouTube engaged in any volitional conduct to infringe Plaintiff's content. *See Cartoon Network LP v. CSC Holdings, Inc.*, 536 F.3d 121, 130 (2d Cir. 2008). Plaintiff only alleges that YouTube acted as an automated hosting platform for videos created and uploaded by TVN. The display of copyrighted material on its service through an "automated process with no human intervention by any employee … does not constitute a volitional act" required to establish direct infringement. *Wolk v. Kodak Imaging Network, Inc.*, 840 F. Supp. 2d 724, 742-43 (S.D.N.Y. 2012) (collecting cases), *aff'd*, 569 F. App'x 51 (2d Cir. 2014).

YouTube is also not liable for direct infringement because **Plaintiff licensed the Rockefeller and J.P. Morgan Videos to YouTube**. In posting this content onto the platform free of charge, Plaintiff consented to YouTube's Terms of Service (TOS) whereby Plaintiff expressly granted YouTube a license to use that content. YouTube TOS, *available at* https://www.youtube.com/static?template=terms; *see also, e.g.*, Compl. ¶ 6 and Exs. A, E, F, R (referencing the TOS). "It is a hallmark principle of copyright law that licensors may not sue their licensees for copyright infringement." *Jasper v. Sony Music Entm't, Inc.*, 378 F. Supp. 2d 334, 339-42 (S.D.N.Y. 2005) (dismissing copyright claim with prejudice based on the applicable license).

Plaintiff's secondary liability claims (Counts 4-5) also fail. "To establish a claim for contributory copyright infringement, a plaintiff must allege that the defendant *with knowledge of the infringing activity*, induced, caused, or materially contributed to the infringing conduct of another. An allegation that a defendant merely provid[ed] the means to accomplish an infringing activity is insufficient to establish a claim[.]" *Wolk*, 840 F. Supp. 2d at 750 (emphasis added) (citations omitted). Here, the Complaint acknowledges that YouTube merely hosted the platform for uploading videos and promptly removed all of the accused videos once it was notified of potentially infringing activity. Pursuant to its policies, YouTube will keep the accused videos off the platform until Business Casual resolves its dispute with TVN. That is the opposite of contributory infringement. Likewise, one infringes vicariously by "profiting from direct infringement while *declining to exercise a right to stop or limit it*." *MGM Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005) (emphasis added). But again, the Complaint acknowledges that YouTube *did* promptly stop and limit the infringements. That YouTube did not terminate TVN's entire account is not a basis for vicarious liability, because there is no suggestion that any of the material YouTube did not remove infringes Plaintiff's copyrights.

**WILSON SONSINI**

The Honorable Edgardo Ramos
July 12, 2021
Page 4

                                                      Respectfully submitted,

                                                      WILSON SONSINI GOODRICH & ROSATI
                                                      Professional Corporation

                                                      *s/ Brian M. Willen*
                                                      Brian M. Willen

                                                      *Counsel for Defendants*

cc:      Counsel of Record for Plaintiff (via CM/ECF)