BRIAN M. WILLEN
JASON MOLLICK
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899
bwillen@wsgr.com
jmollick@wsgr.com

*Counsel for Defendants YouTube, LLC,*
*Google LLC, and Alphabet Inc.*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BUSINESS CASUAL HOLDINGS, LLC, | Case No. 1:21-cv-03610-JGK |
| Plaintiff, | |
| v. | |
| YOUTUBE, LLC, GOOGLE LLC, and ALPHABET INC., | |
| Defendants. | |

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS

## **TABLE OF CONTENTS**

INTRODUCTION ...................................................................................................................1

ARGUMENT ........................................................................................................................2

I.      PLAINTIFF FAILS TO STATE A CLAIM FOR DIRECT COPYRIGHT
        INFRINGEMENT AGAINST YOUTUBE (COUNTS 1-3)............................................2

        A.      Plaintiff Licensed the Accused Videos to YouTube.................................................2

        B.      The Complaint Does Not Allege that YouTube Engaged in Volitional
                Conduct that Caused the Infringement of Plaintiff's Content .................................3

II.     PLAINTIFF FAILS TO STATE A CLAIM FOR SECONDARY COPYRIGHT
        INFRINGEMENT AGAINST YOUTUBE (COUNTS 4-5)............................................4

        A.      Plaintiff Cannot State a Claim for Contributory Infringement Because
                YouTube Removed the Accused Videos Upon Notice of Alleged
                Infringement...........................................................................................................4

        B.      Plaintiff Cannot State a Claim for Vicarious Infringement Because
                YouTube Stopped the Potentially Infringing Activity............................................6

        C.      YouTube Expeditiously Removed the Allegedly Infringing Content ....................6

CONCLUSION......................................................................................................................9

## **TABLE OF AUTHORITIES**

### CASES

*Avdeef v. Google, Inc.*,
 2015 U.S. Dist. LEXIS 113496 (N.D. Tex. Aug. 26, 2015)................................................7

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007)........................................................................................................3

*BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc.*,
 881 F.3d 293 (4th Cir. 2018) ..........................................................................................8

*BWP Media USA, Inc. v. Clarity Digital Grp., LLC*,
 2015 U.S. Dist. LEXIS 42211 (D. Colo. Mar. 31, 2015) ...................................................7

*CoStar Grp., Inc. v. LoopNet, Inc.*,
 373 F.3d 544 (4th Cir. 2004) ...........................................................................................1

*Felske v. Hirschmann*,
 2012 U.S. Dist. LEXIS 29893 (S.D.N.Y. Mar. 1, 2012) ...................................................2

*Great Minds v. FedEx Office & Print Servs., Inc.*,
 886 F.3d 91 (2d Cir. 2018).............................................................................................3

*Harrington v. Pinterest, Inc.*,
 2021 U.S. Dist. LEXIS 167983 (N.D. Cal. Sept. 3, 2021) ................................................5

*Hartmann v. Amazon*,
 2021 U.S. Dist. LEXIS 157035 (S.D.N.Y. Aug. 19, 2021) ...............................................5

*Lefkowitz v. John Wiley & Sons, Inc.*,
 2014 U.S. Dist. LEXIS 75650 (S.D.N.Y. June 2, 2014).....................................................5

*Lenz v. Universal Music Corp.*,
 815 F.3d 1145 (9th Cir. 2016) .........................................................................................8

*Luvdarts, LLC v. AT&T Mobility, LLC*,
 710 F.3d 1068 (9th Cir. 2013) ......................................................................................5, 6

*MGM Studios Inc. v. Grokster, Ltd.*,
 545 U.S. 913 (2005)......................................................................................................5, 6

*Ndremizara v. Swiss Re Am. Holding Corp.*,
 93 F. Supp. 3d 301 (S.D.N.Y. 2015)................................................................................3

*Obodai v. Demand Media, Inc.*,
 2012 U.S. Dist. LEXIS 83109 (S.D.N.Y. June 13, 2012)...................................................7

*Wolk v. Kodak Imaging Network, Inc.*,
   840 F. Supp. 2d 724 (S.D.N.Y. 2012)...........................................................................4, 5

## STATUTES

17 U.S.C. § 512(c)(1)(A)(iii) ...........................................................................................7

## OTHER AUTHORITIES

H.R. Conf. Rep. No. 105-796 (1998)..............................................................................1

## INTRODUCTION

Plaintiff's opposition fundamentally misstates both the issues now before the Court and the law that governs its copyright infringement claims. Plaintiff asserts that "the threshold issue" in this case is "whether [Defendants] are entitled to use a special infringement immunity provision under the Digital Millennium Copyright Act ('DMCA') to avoid traditional copyright infringement claims." Dkt. 37 ("Opp.") at 1-2. Plaintiff then spends the overwhelming majority of its brief arguing that YouTube has not established its DMCA safe-harbor defense and that it is "premature" to decide that issue on a motion to dismiss. *Id.* at 6-17.

This is all a red herring. The DMCA is not a "threshold" issue in this case. Nor is YouTube's eligibility for the DMCA safe harbors relevant to YouTube's arguments. This is for good reason: Plaintiff's Complaint makes plain that YouTube is not liable for copyright infringement in the first place. "[T]he DMCA is irrelevant to determining what constitutes a prima facie case of copyright infringement." *CoStar Grp., Inc. v. LoopNet, Inc.*, 373 F.3d 544, 555 (4th Cir. 2004); *accord* H.R. Conf. Rep. No. 105-796, at 73 (1998) ("Section 512 is not intended to imply that a service provider is or is not liable as an infringer either for conduct that qualifies for a limitation of liability or for conduct that fails to so qualify. Rather, the limitations of liability apply if the provider is found to be liable under existing principles of law.").

Once Plaintiff's misdirection is set aside, the opposition brief offers virtually nothing to salvage its claims. Plaintiff admits that its direct infringement claims are barred by the license it granted YouTube to use and display the material at issue. Opp. at 23. That same license bars Plaintiff's secondary infringement claims, which are equally premised on licensed conduct. *Id.* Plaintiff also fails to point to any volitional act by YouTube supporting direct infringement. And there are other reasons why Plaintiff's secondary infringement claims fail. Plaintiff's contributory infringement claim does not even attempt to argue that YouTube continued hosting

the specific TVN videos at issue upon acquiring knowledge that they were allegedly infringing. And, as to vicarious infringement, Plaintiff admits that YouTube exercised whatever ability it had to stop the alleged infringement by removing the videos. These pleading deficiencies "have nothing to do with the DMCA," Dkt. 29 ("Br.") at 2, and they require dismissal of Plaintiff's claims.

## ARGUMENT

## I.   PLAINTIFF FAILS TO STATE A CLAIM FOR DIRECT COPYRIGHT INFRINGEMENT AGAINST YOUTUBE (COUNTS 1-3)

### A.   Plaintiff Licensed the Accused Videos to YouTube

Plaintiff acknowledges that YouTube's TOS contains an express license authorizing YouTube to "use ... Content [posted by users] (including to reproduce, distribute, prepare derivative works, display and perform it)[.]" Dkt. 30-3, Seiberlich Decl. Ex. C at 10; *see also* Br. at 10-12. Plaintiff does not deny that it agreed to the TOS, that all of the allegedly infringed content was expressly licensed to YouTube, or that the license is valid. Plaintiff does not even dispute that the license bars its direct infringement claims. Thus, the opposition brief confirms that those claims against YouTube fail as a matter of law. *E.g.*, *Felske v. Hirschmann*, 2012 U.S. Dist. LEXIS 29893, at *9 (S.D.N.Y. Mar. 1, 2012) ("A plaintiff effectively concedes a defendant's arguments by his failure to respond to them.").

Plaintiff's only argument about the license is that its secondary infringement claims are somehow beyond its scope. Opp. at 22-23. That is incorrect. As the opposition brief confirms, Plaintiff's secondary claims are premised entirely on YouTube's hosting of content uploaded by TVN. *Id.* To be sure, insofar as Plaintiff has a viable claim ***against TVN***, it would fall outside the license. But that does not mean Plaintiff can hold ***YouTube*** secondarily liable for hosting, displaying, or using the content that was allegedly incorporated into TVN's videos on YouTube.

Those activities are exactly what the license authorizes YouTube to do. Br. at 4-5, 11-12.

Plaintiff cannot circumvent the license by framing YouTube's authorized uses as secondary

infringement, and cites no authority supporting this attempted end-run. And because Plaintiff's

infringement claims, no matter the label, all seek to hold YouTube liable for licensed uses, the

entire Complaint against YouTube must be dismissed. *Id.* at 10-11; *accord Great Minds v.*

*FedEx Office & Print Servs., Inc.*, 886 F.3d 91, 94 (2d Cir. 2018) ("A copyright owner waives

the right to sue … for uses of copyrighted material that are authorized by a non-exclusive

license.").

> **B.    The Complaint Does Not Allege that YouTube Engaged in Volitional Conduct that Caused the Infringement of Plaintiff's Content**

Plaintiff's direct infringement claims also fail to allege any volitional conduct by

YouTube. Plaintiff does not suggest that YouTube did anything beyond providing a hosting

platform to which TVN posted videos of its own creation. Nor does Plaintiff address—much less

distinguish—the unbroken line of cases finding no volitional conduct where an online service

merely hosts user content. Br. at 12-15.

Plaintiff points only to its allegation that TVN "worked in tandem with YouTube to

reinstate the Infringing Channel after YouTube terminated it." Opp. at 22. But that has nothing to

do with any volitional conduct by YouTube that caused ***infringement***. As the Complaint makes

clear, YouTube reinstated only ***non***-infringing content on RT Arabic's channel; the supposedly

infringing videos were removed by YouTube and never reinstated. Compl. ¶¶ 48-49 and Ex. I;

Br. at 8-10.

Plaintiff speculates that discovery might reveal some other volitional act. Opp. at 22. But

plaintiffs cannot proceed to discovery on conjecture. *See, e.g.*, *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 555 (2007); *accord, e.g.*, *Ndremizara v. Swiss Re Am. Holding Corp.*, 93 F. Supp. 3d

301, 309, 316-17 (S.D.N.Y. 2015). Plaintiff further posits that "a case may exist where one's contribution to the creation of an infringing copy [is] so great that it warrants holding that party directly liable for the infringement, even though another party has actually made the copy." Opp. at 21 (citation omitted). Nothing like that is alleged here. Plaintiff does not suggest that it could offer such an allegation consistent with Rule 11. Indeed, Plaintiff points to no contribution by YouTube to TVN's creation of allegedly infringing videos other than reactively hosting them on its platform, which numerous cases hold falls well short of volitional conduct. Br. at 13-15.

## II.   PLAINTIFF FAILS TO STATE A CLAIM FOR SECONDARY COPYRIGHT INFRINGEMENT AGAINST YOUTUBE (COUNTS 4-5)

### A.   Plaintiff Cannot State a Claim for Contributory Infringement Because YouTube Removed the Accused Videos Upon Notice of Alleged Infringement

Turning to secondary infringement, Plaintiff argues that it has pleaded "sufficient facts to support an allegation that Defendants are indirect infringers, under the contributory liability theory, because they have 'authorized the infringing use.'" Opp. at 19 (citation omitted). It is unclear what that is supposed to mean, but it ignores a critical element for any contributory claim: that YouTube contributed to TVN's alleged infringements "***with knowledge of [the] infringing activity[.]***" *Wolk v. Kodak Imaging Network, Inc.*, 840 F. Supp. 2d 724, 750-51 (S.D.N.Y. 2012) (emphasis added) (citation omitted); *see also* Br. at 16-17 (collecting cases). Plaintiff does not (and cannot) allege that YouTube had any awareness of TVN's alleged infringements before receiving Plaintiff's takedown notices. And the Complaint shows that, upon receiving those notices, YouTube investigated Plaintiff's claims and promptly removed the relevant videos. Compl. ¶¶ 28, 35, 38, 49 and Ex. I. In short, rather than "induc[ing], caus[ing], or materially contribut[ing] to the [allegedly] infringing conduct of another" (*Wolk*, 840 F. Supp. 2d at 750) (citation omitted), YouTube did exactly the opposite: it stopped the potential infringements when it learned of them. That reality rules out contributory liability here.

Plaintiff papers over this deficiency by broadly asserting that YouTube "offer[s] an online tool with the potential for abuse on an enormous scale," implying that YouTube was aware that its site *could* be used by someone for infringing purposes. Opp. at. 19. While not pleaded, this is precisely the sort of "general awareness" of the possibility of unspecified infringement that courts have consistently held is insufficient to support contributory liability. *See, e.g.*, *Wolk*, 840 F. Supp. 2d at 751 (contributory infringement requires "actual or constructive knowledge of specific and identifiable infringements of individual items, not a general awareness that there are infringements" on the platform) (citation omitted); *Harrington v. Pinterest, Inc.*, 2021 U.S. Dist. LEXIS 167983, at *12 (N.D. Cal. Sept. 3, 2021) ("[M]ore than a generalized knowledge by the [defendant] of the possibility of infringement is required to allege contributory infringement.") (quoting *Luvdarts, LLC v. AT&T Mobility, LLC*, 710 F.3d 1068, 1072 (9th Cir. 2013)). In short, any belated attempt to treat YouTube as a contributory infringer for supposedly providing "an online tool with the potential for abuse" fails as a matter of law. *See, e.g.*, *Lefkowitz v. John Wiley & Sons, Inc.*, 2014 U.S. Dist. LEXIS 75650, at *30-40 (S.D.N.Y. June 2, 2014) (dismissing contributory infringement claim based on failure to plead knowledge of specific infringements at issue); *Hartmann v. Amazon*, 2021 U.S. Dist. LEXIS 157035, at *18-22 (S.D.N.Y. Aug. 19, 2021) (same); *Harrington*, 2021 U.S. Dist. LEXIS 167983, at *7-14 (same).[1]

---

[1] Plaintiff cites *MGM Studios Inc. v. Grokster, Ltd.* (Opp. at 19-20); in that case the Supreme Court found that knowledge of infringement can be imputed in exceptional circumstances where a defendant operates its service "with the object of promoting its use to infringe copyright, as shown by clear expression or other affirmative steps taken to foster infringement[.]" 545 U.S. 913, 936-37 (2005). Plaintiff has not even tried to plead such an "inducement" claim here, nor could it.

**B.      Plaintiff Cannot State a Claim for Vicarious Infringement Because YouTube Stopped the Potentially Infringing Activity**

Plaintiff argues that YouTube infringed vicariously because it had the "right and ability to supervise and control [TVN's] infringing activities[.]" Opp. at 20-21. That distorts the legal standard. Vicarious liability occurs only where the defendant "***declin[es] to exercise*** a right to stop or limit" ***infringing*** activity. *Grokster*, 545 U.S. at 930 (emphasis added); *accord* Br. at 18-19. Plaintiff ignores that bedrock rule, perhaps recognizing that the Complaint itself confirms that, when YouTube was told about the allegedly infringing material, it took action by investigating and removing it. Compl. ¶¶ 28, 35, 38, 49 and Ex. I. The only thing YouTube "declined" to remove was TVN's ***non***-infringing content, which plainly cannot create vicarious infringement liability. Br. at 19-20.

Plaintiff does not allege (or argue) that YouTube had any practical ability to stop or limit TVN's alleged infringement before it received Plaintiff's takedown notices. *See Luvdarts*, 710 F.3d at 1071-72 (dismissing vicarious liability claim because plaintiff "failed to allege adequately that the Carriers had the necessary right and ability to supervise the infringing conduct"). In fact, Plaintiff's own allegations show YouTube did ***not*** have that ability. The opposition brief asserts that TVN employed specific tactics to "avoid having its infringing actions discovered" by YouTube's systems. Opp. at 16 (citing Compl. ¶ 44). Thus, far from turning a "blind eye" to infringing activity, YouTube deployed tools designed to stop it, which TVN allegedly evaded. *Id.* That is the opposite of vicarious infringement.

**C.      YouTube Expeditiously Removed the Allegedly Infringing Content**

It is undisputed that YouTube removed all three TVN videos at issue. Plaintiff attempts to muddy the waters by asserting that YouTube did not remove the second video until "almost a month" after receiving Plaintiff's takedown notice. Opp. at 17. Plaintiff argues, conspicuously

citing no authority, that this was not "expeditious" for purposes of the DMCA safe harbor. *Id.* (citing 17 U.S.C. § 512(c)(1)(A)(iii)). Although the DMCA is not at issue in this motion, Plaintiff seems to suggest that YouTube's response time for the second video allows Plaintiff to state a claim for secondary infringement. Any such suggestion is wrong.

As an initial matter, Plaintiff does not even attempt to argue that YouTube's removal of the first and third videos was too slow. Nor could it. As the Complaint makes clear, YouTube disabled those videos within ten days after each notification. Br. at 8-9 (citing Compl. ¶¶ 27-28, 33, 35 and Ex. D). Plaintiff has no possible claim against YouTube based on those videos.

But even as to the one remaining video, the pleadings themselves belie any notion that YouTube sat on its hands. As the documents attached to the Complaint make clear, Plaintiff submitted its takedown notice for that video on February 9, 2021, and YouTube responded on February 21 that it removed the video—twelve days later. Br. at 8; Compl. ¶ 32 and Ex. E at 2-6. The next day, February 22, Plaintiff clarified that the video was available at a different link. *Id.* Ex. E at 7. YouTube removed that link on March 4—ten days later. *Id.* Ex. E at 23; Compl. ¶ 38. These response times are reasonable. *Accord Obodai v. Demand Media, Inc.*, 2012 U.S. Dist. LEXIS 83109, at *19-20 (S.D.N.Y. June 13, 2012) (removal after 22 days was "expeditious"), *aff'd*, 522 F. App'x 41 (2d Cir. 2013); *BWP Media USA, Inc. v. Clarity Digital Grp., LLC*, 2015 U.S. Dist. LEXIS 42211, at *11, *29 (D. Colo. Mar. 31, 2015) (15 days is expeditious), *aff'd*, 820 F.3d 1175 (10th Cir. 2016); *Avdeef v. Google, Inc.*, 2015 U.S. Dist. LEXIS 113496, at *2, *9 (N.D. Tex. Aug. 26, 2015) (14 days is expeditious).

While the timing alone is enough to defeat the claim, the correspondence between the parties (which Plaintiff attached to the Complaint) confirms that YouTube was diligent in responding to Plaintiff's notices at every step. *See* Compl. Ex. E (attaching relevant

correspondence). YouTube responded to Plaintiff's notice for the second video after just ***four days*** to raise concerns that Plaintiff failed to consider fair use, as required by the DMCA. *Id*. at 2-3; *accord Lenz v. Universal Music Corp.*, 815 F.3d 1145, 1148, 1151-53 (9th Cir. 2016). YouTube then removed the video shortly after receiving additional information it had requested from Plaintiff regarding fair use. Compl. Ex. E at 3-4, 6. And fair use is a serious question here: TVN has moved to dismiss Plaintiff's claims on that ground; whether the videos constitute fair use is a question currently pending before this Court; and Plaintiff itself acknowledged that the "determination of fair use … necessitates an open-ended and context-sensitive evaluation of the facts." P's Opp. to TVN MTD in Related Case (1:21-cv-02007-JGK), Dkt. 36 at 6-8. Whatever the outcome of that proceeding, YouTube did not become a secondary infringer by taking a few days to consider these complex issues before removing the content in response to a takedown request.[2]

_____

[2] While not relevant to this motion, Plaintiff's assertions regarding YouTube's repeat infringer policy are misguided. *First*, YouTube's decision not to terminate TVN's entire account based on Plaintiff's takedown notices is fully consistent with its repeat infringer policy. That policy expressly states that DMCA "strikes" will not take effect while a user disputes a claim of infringement, as TVN has. Compl. ¶ 46 and Ex. A at 3, 7; *see also* TVN MTD in Related Case, Dkt. 30. *Second*, YouTube's policy fully accords with the DMCA. Nothing in the DMCA requires YouTube to terminate a user simply because someone accuses that user of infringing—certainly not where the user disputes the accusation under the formal counter-notification procedures established in the statute itself, and the claims are being actively litigated in federal court. Br. at 20 n.8; *cf.* P's Opp. to TVN MTD in Related Case, Dkt. 36 at 8 (conceding that TVN and Plaintiff "disagree on numerous facts relevant to a fair use analysis"). Indeed, "someone who *actually* infringes a copyright differs from someone who has merely *allegedly* infringed a copyright, because an allegation could be false." *BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc.*, 881 F.3d 293, 301 (4th Cir. 2018) (emphasis in original) (cited in Opp. at 13). It is Plaintiff's reading of

## **CONCLUSION**

Plaintiff's claims against YouTube should be dismissed with prejudice.


Dated: October 6, 2021                  Respectfully submitted,

                                        WILSON SONSINI GOODRICH & ROSATI
                                        Professional Corporation

                                        *s/ Brian M. Willen*

                                        Brian M. Willen
                                        Jason Mollick
                                        1301 Avenue of the Americas, 40th Floor
                                        New York, New York 10019
                                        Telephone: (212) 999-5800
                                        Facsimile: (212) 999-5899
                                        bwillen@wsgr.com
                                        jmollick@wsgr.com

                                        *Counsel for Defendants YouTube, LLC,*
                                        *Google LLC, and Alphabet Inc.*

---

the statute—not YouTube's—that is "ripe for abuse[.]" Opp. at 16. Plaintiff would empower any person to force the termination of innocent users who rightfully dispute misguided takedown notices. The only case that Plaintiff cites, *Cox*, says nothing like that. The defendant there ignored ***millions*** of ***undisputed*** takedown notices without terminating a single user; there were no counter-notices and no claims of fair use. 881 F.3d at 299-300, 303-05. On those facts, the Fourth Circuit rejected the argument that a formal adjudication of infringement was necessarily required to trigger the repeat-infringer policy. *Id.* at 301. That ruling does not remotely suggest that YouTube was required by the DMCA to terminate TVN's account in the very different circumstances presented here.

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Section II.D of the Court's Individual Practices, the undersigned certifies that this brief contains 2,768 words and complies with the Court's formatting rules.

Dated: October 6, 2021                    Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

*s/ Brian M. Willen*

Brian M. Willen
Jason Mollick
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899
bwillen@wsgr.com
jmollick@wsgr.com

*Counsel for Defendants YouTube, LLC,*
*Google LLC, and Alphabet Inc.*